UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LOPEZ,

    Plaintiff,

    v.                            Case No. 3:25-CV-513-CCB-SJF

MATT SCHNAIBLE, et al.,

    Defendants.

## **OPINION AND ORDER**

Before the Court are Plaintiff Michael Lopez's Emergency Motion for Preservation of Evidence and Temporary Restraining Order, Emergency Motion for Preliminary Injunction, and Emergency Motion for Expedited Consideration of Plaintiff's Motion for Preliminary Injunction. (ECF 9; ECF 10; ECF 11). The Court denies all of these motions for the following reasons.

On June 16, 2025, Mr. Lopez filed a pro se complaint against the Bremen Police Department and multiple individual officers. (ECF 1). In the complaint, he alleges that the police officers violated his Fourth Amendment rights when they demanded his driver's license, detained him, and searched his car. He seeks compensatory damages for wrongful arrest, search, and seizure. Defendants have not yet answered the complaint.

On April 14, 2026, Mr. Lopez filed three emergency motions: (1) an emergency motion for preservation of evidence and temporary restraining order, (ECF 9), (2) an

emergency motion for a preliminary injunction, (ECF 10), and (3) an emergency motion for expedited consideration of Mr. Lopez's motion for preliminary injunction, (ECF 11).

Preliminary relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation marks omitted). A party seeking a preliminary injunction must first show that "(1) they will suffer irreparable harm in the absence of an injunction, (2) traditional legal remedies are inadequate to remedy the harm, and (3) they have some likelihood of success on the merits." *Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 14 F.4th 624, 628 (7th Cir. 2021). If the movant can show these elements, the Court then "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011). The standard for a temporary restraining order is the same. *See Mayberry v. Neal*, No. 3:24 C 187, 2025 WL 2679752, at *1 (N.D. Ind. Sep. 18, 2025).

Mr. Lopez first seeks a temporary restraining order requiring Defendants to preserve all evidence related to his traffic stop and detention. (ECF 9 at 2). In support, he alleges on information and belief that Defendants maintain policies under which body camera and dash camera footage may be deleted, overwritten, or otherwise destroyed after a limited retention period. But Mr. Lopez does not need a temporary restraining order to prevent the destruction of this evidence. All parties to litigation have a duty to preserve relevant evidence. *See* Fed. R. Civ. P. 37(e). And they risk

sanctions should they destroy evidence when they know, or should know, litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). Here, litigation has actually commenced, and the duty to preserve evidence has already attached to Defendants. A temporary restraining order is unnecessary, and the Court will not impose it. This motion is denied.

Next, Mr. Lopez seeks a preliminary injunction relieving him from GPS monitoring. (ECF 10). In support, he argues that he is likely to succeed upon the merits of his underlying case and that GPS monitoring subjects him to ongoing constitutional harm. But the ongoing harm Mr. Lopez asks the Court to enjoin is substantively unrelated to the Fourth Amendment claims in his complaint. In his motion, Mr. Lopez asks the Court to order the removal of his GPS ankle monitor. His complaint, on the other hand, raises Fourth Amendment claims stemming from alleged wrongful arrest, search, and seizure during a traffic stop. The Court will not grant injunctive relief outside the scope of the case or controversy before it. *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014) ("[C]ourts limit the scope of injunctive relief to the case or controversy actually before them."). This motion is denied.

Lastly, Mr. Lopez seeks expedited review of his motion for preliminary injunction. (ECF 11). In support, he does little more than summarize the argument he made in his motion for preliminary injunction. Because the Court has already denied the motion for preliminary injunction, this motion for expedited review is denied as moot.

For these reasons, the Court **DENIES** Mr. Lopez's emergency motion for a temporary restraining order directing preservation of evidence, (ECF 9), and his emergency motion for a preliminary injunction, (ECF 10). It further **DENIES AS MOOT** his emergency motion for expedited consideration. (ECF 11).

SO ORDERED on April 15, 2026.

　　　　　　　　　　　　　　　/s/ *Cristal C. Brisco*
　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT